**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CONNECTOR CASTINGS, INC.,          )
                                   )
              Plaintiff,           )
                                   )
      v.                           )          No. 4:17-CV-01204-ERW
                                   )
NEWBURG ROAD LUMBER CO., INC.,     )
                                   )
              Defendant.           )

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Strike Some of Defendant's

Affirmative Defenses, pursuant to Fed. R. Civ. P. 12(f).  Defendant has filed a memorandum in

opposition.

## I.      BACKGROUND

Plaintiff Connector Castings, Inc., filed this purported class action in state court on March

29, 2017, alleging it received unsolicited fax advertisements marketing the products, goods or

services of Defendant Newburg Road Lumber Company ("Newburg"). Plaintiff seeks injunctive

relief, statutory damages, and treble damages under the Telephone Consumer Protection Act

(TCPA), 47 U.S.C. § 227, as well as attorneys' fees. Defendant removed the action to this Court

and filed an answer and eleven affirmative defenses. Plaintiff now moves to strike Defendant's

first, second, eighth, and ninth affirmative defenses.

## II.     STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides a "court may strike from a

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f). Under Rule 12(f), a court has discretion to strike affirmative

defenses. *See Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). Although "[j]udges enjoy liberal discretion to strike pleadings under Rule 12(f)," such an action is viewed as "an extreme and disfavored measure." *BJC Health Sys. v. Columbia Casualty Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

"A motion to strike should 'be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.'" *Bartoe v. Mo. Barge Line Co.*, No. 1:07-CV-165 , 2009 WL 1118816, at *1 (E.D. Mo. Apr. 24, 2009), quoting *Lunsford*, 570 F.2d at 229. "A motion to strike an affirmative defense should not be granted unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim of relief." *Shirrell v. St. Francis Med. Ctr.*, No. 1:13-CV-42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (internal quotation and citation omitted). The party filing a motion to strike must show that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues. *Id.* "Where a challenged defense fails as a matter of law or is immaterial to the matter, the resources and time expended to counter such a defense constitute per se prejudice." *Suzanne Degn[e]n, DMD, PC v. Dentis USA Corp.*, No. 4:17-CV-292 (CEJ), 2017 WL 2021085, at *2 (E.D. Mo. May 12, 2017), citing *In re RFC & ResCap Liquidating Trust Litig.*, No. 13-CV 3520 JRT/HB, 2015 WL 2451254, at *4 (D. Minn. May 21, 2015).

## III.   DISCUSSION

As noted above, Plaintiff requests this Court strike Defendant's first, second, eighth, and ninth affirmative defenses.  Plaintiff argues these affirmative defenses are "legally insufficient as a matter of law" and Plaintiff is prejudiced by the inclusion of these defenses, because they require "increased legal work."

A. *Affirmative Defense No. 1 - First Amendment Violation and Affirmative Defense No. 2 – Void for Vagueness*

In its first affirmative defense, Defendant asserts, in relevant part, "The Telephone Consumer Protection Act…violates the First Amendment of the United States Constitution on its face and as applied." Plaintiff argues this defense is "legally insufficient" and should be stricken because it has been "foreclosed" by the Eighth Circuit, citing *Nack v. Walburg*, 715 F.3d 680, 682 (8th Cir. 2013). In *Nack*, though the Eighth Circuit did state it "held in *Missouri ex rel. Nixon v. Am. Blast Fax, Inc.*, 323 F.3d 649, 660 (8th Cir. 2003), the TCPA provisions regarding unsolicited fax advertisements were not an unconstitutional restriction upon commercial speech," it also noted the holding of that case "would not necessarily be the same" as applied to defendant's case. 715 F.3d at 682. However, because the defendant did not raise the issue with the lower court, the Eighth Circuit declined to reach the merits of this "as-applied" challenge to the TCPA. *Id.* Thus, *Nack* did not render Defendant's First Amendment affirmative defense "legally insufficient," and Plaintiff's motion to strike Defendant's first affirmative defense is denied.

In its second affirmative defense, Defendant asserts in relevant part, "The TCPA violates the Fifth and Fourteenth Amendments of the United States Constitution under the void-for-vagueness doctrine on its face and as applied." Plaintiff argues this defense is "legally insufficient" because "other federal courts have ruled the TCPA is not void for vagueness." However, Plaintiff cites no precedent from this Court or the Eighth Circuit to indicate Defendant's void-for-vagueness affirmative defense would fail as a matter of law. Accordingly,

Defendant fairly presents a matter of law which this Court should hear, and Plaintiff's motion to strike Defendant's second affirmative defense is denied.[1]

### B. *Affirmative Defense No. 8 – Failure to Mitigate*

In its eighth affirmative defense, Defendant asserts, "Any claim alleged in the Complaint is barred to the extent Plaintiff has failed to mitigate its alleged damages." This Court and other courts have determined recipients of unsolicited faxed advertisements have no duty to mitigate or to ask senders to stop transmitting such advertisements. *Degn[e]n*, 2017 WL 2021085, at *2, citing *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *5 (E.D. Cal. Nov. 16, 2015) (striking failure-to-mitigate defense); *Exclusively Cats Vet. Hosp., P.C. v. Pharm. Credit Corp.*, No. 13-CV-14376, 2014 WL 4715532, at *6 (E.D. Mich. Sept. 22, 2014) (where it was clear plaintiff sought only statutory damages, mitigation defense "cannot succeed under any circumstances"); *Powell v. W. Asset Mgmt., Inc.*, 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011) (listing cases finding no duty to mitigate under § 227 of the TCPA); *Holtzman v. Turza*, No. 08 C 2014, 2010 WL 4177150, at *5 (N.D. Ill. Oct. 19, 2010), *aff'd sub nom. Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Onsite Computer Consulting Servs., Inc.* v. *Dartek Computer Supply Corp.*, No. 05AC-000108 I CV, 2006 WL 2771640, at *4 (Mo. Cir. Ct. May 17, 2006) ("Plaintiff was not required to mitigate its damages by calling Defendant and asking that the faxes be stopped."). Accordingly, Defendant's failure-to-mitigate affirmative defense cannot succeed under any circumstances, and Plaintiff's motion to strike Defendant's eighth affirmative defense is granted.

---

[1] *See also Missouri ex rel. Nixon v. Am. Blast Fax, Inc.*, 196 F.Supp.2d 920, 924 n. 7 (E.D. Mo. 2002) (indicating defendants' void-for-vagueness argument "appear[ed] to have some merit," but declining to reach the issue for procedural reasons).

*C.*      *Affirmative Defense No. 9 – No Actual Knowledge*

In its ninth affirmative defense, Defendant asserts, "Any claim alleged in the Complaint is barred because Newburg did not have actual knowledge of any unlawful transmissions." Plaintiff argues this defense is "insufficient as a matter of law" because Plaintiff could be found liable under an agency theory, such as ratification, which would not require actual knowledge of the facts. However, a party will not be bound by ratification if the alleged ratification was made without knowledge of material facts of the agent. *Petri v. Mercy Health*, No. 15-CV-1296, 2016 WL 7048893, at *3 (E.D. Mo. Dec. 5, 2016) (finding there was no evidence the defendant knew the alleged agent's activities violated the TCPA), citing Restatement (Third) of Agency § 4.10 (2006). Defendant's assertion that it did not have actual knowledge of the unlawful faxes is therefore relevant to Plaintiff's allegation Defendant ratified the acts. Further, Plaintiff asks the statutory damages be trebled, which requires a finding by the court that the violation was willful or knowing. *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 997 (8th Cir. 2016). Therefore, Plaintiff's motion to strike Defendant's ninth affirmative defense is denied.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** Plaintiff's Motion to Strike Some of Defendant's Affirmative Defenses is GRANTED in Part and DENIED in Part.

So Ordered this 23rd Day of August, 2017.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**